**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DEMPSEY EMMANUEL GILMORE,

     Movant,

v.                                                                Case No. 8:26-cv-372-WFJ-SPF
                                                                 Crim. Case No. 8:22-cr-258-WFJ-SPF

UNITED STATES OF AMERICA,

     Respondent.

_____/

**<u>ORDER</u>**

Dempsey Emmanuel Gilmore is a federal prisoner serving a total sentence of 360 months' imprisonment for drug-trafficking and gun crimes. He moves *pro se* to vacate his convictions under 28 U.S.C. § 2255. (Civ. Docs. 1, 2). The United States responded to the motion. (Civ. Doc. 6). Although afforded the opportunity, Mr. Gilmore did not file a reply. (Civ. Docs. 3, 8). After careful review, the motion is **DENIED**.

I.     **Background**

On February 9, 2022, Mr. Gilmore was the passenger in a vehicle that fled from an attempted traffic stop in Tampa, Florida. (Crim. Doc. 59-1 at 2). A high-speed chase ensued. (*Id.*) During the pursuit, Mr. Gilmore "discarded from the passenger window about five pounds of marijuana, 191 grams of high-purity methamphetamine, and a handgun." (*Id.*) A police helicopter followed the car to a house where Mr. Gilmore and the driver, Elvis Martin, fled inside. (*Id.*) Law enforcement "obtained a warrant to search the

residence" and took Mr. Gilmore and Mr. Martin into custody. (*Id.*) The search uncovered "cash, drugs, guns, and surveillance-related equipment, in the form of two digital video recorders (DVRs) and two SD memory cards containing surveillance footage of inside and outside the home." (*Id.*) Officers "seized the DVRs and the cameras' SD cards, which they believed would help identify the persons involved in the high-speed chase." (*Id.* at 4). They then "obtained a second warrant to view the contents of these storage devices." (*Id.*)

Mr. Gilmore was charged with conspiracy to possess and possession with intent to distribute methamphetamine and marijuana, possession of a firearm in furtherance of a drug-trafficking crime, and possession of a firearm by a felon. (Crim. Doc. 35). Mr. Gilmore moved to suppress the contents of the DVRs and SD cards. (Crim. Doc. 29). As relevant here, he argued that these items were not described in the search warrant presented to the homeowner during the search, and that their incriminating nature was not immediately apparent because officers had to review any data they contained. (*Id.* at 6-10). Following an evidentiary hearing, the Court denied the motion to suppress. (Crim. Doc. 102).

The case proceeded to trial, and a jury found Mr. Gilmore guilty as charged. (Crim. Docs. 74, 103, 104). The Court sentenced Mr. Gilmore to a total of 360 months in prison, consisting of 300-month concurrent terms for the drug convictions, a 60-month consecutive term for possession of a firearm in furtherance of a drug-trafficking crime, and a 121-month concurrent term for possession of a firearm by a felon. (Crim. Doc. 87). On appeal, the Eleventh Circuit affirmed Mr. Gilmore's "convictions and total sentence" but *sua sponte* vacated the felon-in-possession sentence because it "exceed[ed] the statutory maximum of

120 months." (Crim. Doc. 59-1 at 1, 20). On remand, the Court reduced the felon-in-possession sentence to 120 months' imprisonment, leaving intact the other components of the sentence. (Crim. Doc. 111). As a result, Mr. Gilmore's total sentence remained 360 months' imprisonment. (*Id.*) This § 2255 motion followed. (Civ. Docs. 1, 2).

## II.     Legal Standards

Section 2255 allows a federal prisoner to "bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215-16 (11th Cir. 2014). On collateral review, a petitioner "has the burden of proof and persuasion on all the elements of his claim." *In re Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016). This is "a significantly higher hurdle than would exist on direct appeal," *United States v. Frady*, 456 U.S. 152, 164-66 (1982), because "[w]hen the process of direct review . . . comes to an end, a presumption of finality and legality attaches to the conviction and sentence." *In re Moore*, 830 F.3d at 1272. "[I]f the Court cannot tell one way or the other" whether the petitioner's claim is valid, he has "failed to carry his burden of showing all that is necessary to warrant § 2255 relief." *Id.* at 1273.

Mr. Gilmore alleges ineffective assistance of counsel. Ineffective-assistance-of-counsel claims are analyzed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a showing of deficient performance by counsel and resulting prejudice. *Id*. at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id*. at 690. However, "counsel is strongly presumed

to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

Mr. Gilmore must show that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. To demonstrate prejudice, Mr. Gilmore must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## III.   Discussion

### A.      Ground One—Ineffective Assistance Regarding Motion to Suppress

Mr. Gilmore argues that trial counsel was ineffective in handling the suppression motion. (Civ. Doc. 1 at 4). In particular, counsel allegedly provided "ineffective assistance by failing to suppress false or misleading statements" by Officer Taylor Hart. (*Id.*) In support, Mr. Gilmore quotes a portion of Officer Hart's testimony at the suppression hearing. (*Id.*) Officer Hart explained that in executing the search warrant, he presented to the homeowner a copy of the warrant, but not the underlying affidavit or "Exhibit A," an addendum to the warrant:[1]

> Q. So after the search warrant is authorized, it's printed, are you guys at headquarters or something like that?

---

[1] The search warrant authorized a search for "MARIJUANA/METHAMPHETAMINE and items described in Exhibit A, which is incorporated by reference and made a part hereof as if repeated in full." (Crim. Doc. 43-1 at 1). Exhibit A, in turn, listed several items, including "electronic equipment," "surveillance equipment," and "SD cards and any contents therein." (Crim. Doc. 43-2).

A. No. I printed the affidavit for the search warrant in a police car.

Q. Okay. And what was taken to the residence?

A. The first two—I believe it's the first two pages. Correct, the first two pages.

Q. So that would be the actual search warrant authorizing the search of the residence on 54th Street?

A. That's correct.

Q. And the actual affidavit itself was not printed and shown to the homeowner, right?

A. That is correct.

Q. The actual Exhibit A that was sent to Judge Costello was not presented and brought to the homeowner?

A. That's correct.

(Crim. Doc. 102 at 17-18).

Mr. Gilmore appears to contend that counsel should have challenged this testimony as "false or misleading." (Civ. Doc. 1 at 4). But he offers no evidence to support his assertion that the testimony is false. Indeed, counsel states in his affidavit that he had "no indication that the statements excerpted from the hearing transcript are false or misleading." (Civ. Doc. 6-1 at 2). Mr. Gilmore's "[c]onclusory allegations of ineffective assistance are insufficient" to merit relief. *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *see also Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (noting that "unsupported allegations" "cannot be the basis for finding counsel ineffective"); *Martel v. United States*, No. 16-cv-20130, 2017 WL 1289315, at *7 (S.D. Fla. Feb. 27, 2017)

("Vague, conclusory, speculative and unsupported claims cannot support relief for ineffective assistance of counsel."), *adopted by* 2017 WL 1292927 (S.D. Fla. Apr. 5, 2017).

Regardless, counsel had good reason to avoid attacking this portion of Officer Hart's testimony. In his motion to suppress, Mr. Gilmore argued that the search warrant was "invalid" because "Exhibit A" and the underlying affidavit were "not provided to the owner of the residence." (Crim. Doc. 29 at 6, 8; Crim. Doc. 102 at 30). Thus, the challenged portion of Officer Hart's testimony *supported* the suppression motion. (Crim. Doc. 102 at 17-18). Mr. Gilmore fails to show that attacking this testimony would have aided his effort to suppress the evidence recovered from the house.

Next, Mr. Gilmore states that "[o]fficers were required to present the homeowner with a copy of the affidavit and warrant before conducting the search to meet the [requirements of the] Fourth Amendment." (Civ. Doc. 1 at 4). It appears that Mr. Gilmore faults counsel for neglecting to make this argument in support of the suppression motion. (*Id.*) But there is no evidence that law enforcement failed to present the homeowner with the warrant itself. To the contrary, Officer Hart testified without contradiction that he presented a copy of the warrant to the homeowner. (Crim. Doc. 102 at 17-18). Moreover, counsel *did* challenge the search on the ground that the homeowner did not receive a copy of the search-warrant affidavit. As just noted, counsel maintained that suppression was required because "Exhibit A" and the underlying affidavit were "not provided to the owner of the residence." (Crim. Doc. 29 at 6, 8; Crim. Doc. 102 at 30). "It is axiomatic that counsel

cannot be deficient for doing what [a defendant] says he should have done."[2] *Owens v.*

*Sec'y, Dep't of Corr.*, No. 5:14-cv-266-RH-GRJ, 2017 WL 9440396, at \*7 (N.D. Fla. Apr.

18, 2017), *adopted by* 2017 WL 2861651 (N.D. Fla. July 5, 2017).

**B.      Ground Two—Failure to Retain "Qualified Digital Forensic Expert"**

Mr. Gilmore contends that trial counsel should have hired a "qualified digital

forensic expert" to "analyze imaging procedures, hash values, meta-data integrity, and

whether forensic tools altered evidence." (Civ. Doc. 1 at 5). According to Mr. Gilmore, a

forensic expert was "necessary" to "investigate and challenge the search warrant and

supporting affidavit." (Civ. Doc. 2 at 1). Mr. Gilmore alleges that the affidavit "contained

technical claims outside the ordinary knowledge of counsel"—for example, "digital

forensic procedures." (*Id.* at 4). In Mr. Gilmore's view, there is a "reasonable probability

that expert analysis would have produced suppression." (*Id.* at 5).

This claim fails for lack of prejudice. The burden of showing prejudice is heavy

when alleging that counsel was ineffective for "failing to call a witness because often

allegations of what a witness would have testified to are largely speculative." *Sullivan v.*

*DeLoach*, 459 F.3d 1097, 1109 (11th Cir. 2006). Thus, "a claim of ineffective assistance

based on the failure to consult and call an expert requires evidence of what a scientific

expert would have stated at trial [or a suppression hearing] to establish *Strickland*

---

[2] Mr. Gilmore asserts that law enforcement "seized the physical devise [*sic*] without probable cause." (Civ. Doc. 1 at 4). But as the Eleventh Circuit explained, "the officers had probable cause to believe that the DVRs and SD cards, while not contraband themselves, nonetheless contained surveillance footage that may be used as evidence against [Mr. Gilmore]." (Crim. Doc. 59-1 at 12 (citations omitted)). Thus, counsel had no legal basis to challenge probable cause.

prejudice." *Jewell v. Dunn*, No. 2:18-cv-1258-RDP-SGC, 2019 WL 6975135, at *5 (N.D. Ala. Dec. 20, 2019) (citations omitted).

Mr. Gilmore does not identify any "forensic expert" who could have assisted the defense. Nor does he provide any specifics about what such an expert would have found. Mr. Gilmore's "claim is merely a bare, speculative assertion that an expert might exist who would testify in his favor." *Candelario v. United States*, No. 6:07-cr-211, 2012 WL 4466484, at *4 (M.D. Fla. Sept. 27, 2012). That is not enough to show *Strickland* prejudice. *Id.*; *see also Finch v. Sec'y, Dep't of Corr.*, 643 F. App'x 848, 852 (11th Cir. 2016) ("Without some specificity as to the proposed expert's testimony, any assertion that an expert would testify consistently with [petitioner's] claims is mere speculation and does not entitle him to habeas relief."); *Sweat v. United States*, No. 3:06-cr-379- MCR, 2011 WL 13287076, at *3 (M.D. Fla. Aug. 24, 2011) ("[M]ere speculation that a defense computer expert would have been helpful is insufficient to meet the petitioner's burden of proof.").[3]

## IV.   Conclusion

Accordingly, the Court **ORDERS**:

1.  Mr. Gilmore's motion to vacate under § 2255 (Civ. Docs. 1, 2) is **DENIED**.[4]

---

[3] In his affidavit, counsel states that "there was nothing so unique about the collection and preservation of surveillance video from a digital video recorder or memory card that would warrant retaining a forensic expert. The videos were not enhanced, and multiple reviews did not yield any indication that they had been altered or doctored in any way." (Civ. Doc. 6-1 at 2). Mr. Gilmore offers no evidence to rebut these assertions.

[4] In his memorandum of law, Mr. Gilmore asserts that law enforcement obtained an unlawful "general warrant" to search his cell phone. (Civ. Doc. 2 at 3). But the prosecution did not present any cell phone evidence at trial. (Crim. Docs. 103, 104). Thus, to the extent that Mr. Gilmore faults counsel for failing to raise this argument, he cannot show that he suffered prejudice.

2. The **CLERK** is directed to enter judgment against Mr. Gilmore, to **CLOSE** this case, and to enter a copy of this order in the criminal case.

3. Because Mr. Gilmore neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE** and **ORDERED** in Tampa, Florida, on July 6, 2026.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**